469 P.2d 98

**Alex Lechugo GORTAREZ, Appellant,**

**v.**

**The STATE of Arizona, Appellee.**

**No. 2 CA–CIV 813.**

Court of Appeals of Arizona, Division 2.

May 14, 1970.

Rehearing Denied June 10, 1970.

Review Denied Sept. 29, 1970.

Alex Lechugo Gortarez, in pro. per.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

KRUCKER, Judge.

Defendant, Alex L. Gortarez, was informed against for six counts of various crimes. He was found guilty of all six and sentenced. This action is an appeal from a writ of habeas corpus in which defendant now contends that he has completed his sentences and should be released. Ultimately, the question is the duration of his minimum sentence.

The facts are as follows. Defendant was sentenced to a term of eight to ten years for assault with a deadly weapon, sentence to run from October 2, 1966. On March 1, 1967, while serving this sentence, he was sentenced on the other five counts as follows:

"IT IS THE ORDER of this Court that you be confined in the State Penitentiary at Florence, as prescribed by law for a period of not less than *Eight (8) nor more than Ten (10) years on each of the three counts of Robbery, all of which shall run concurrently, and in addition,* you shall be confined in the State Penitentiary at Florence, as prescribed by law, or at such other place or places as the law may determine, *for a period of not less than one (1) nor more than Five (5) years on each of the counts of Kidnapping, each of said counts and sentences thereon to be served concurrently and consecutively to the sentences pronounced on the Robbery charges* first enumerated, *and sentence shall commence to run from this date, and all of which shall run concurrently with other sentence now being served."* (Emphasis added)

Defendant first contends the robbery and kidnapping counts have concurrent sentences. Second, defendant contends that both sentences should run from October, 1966.

 We believe that a straightforward reading of this sentence reveals that defendant is to serve his robbery sentences concurrently and his kidnapping sentences concurrently, but that as between the robbery and the kidnapping—those two sets of sentences are consecutive to each other. And this consecutive set of sentences is to be run concurrently with the sentence on assault with a deadly weapon. As to the starting date for these sentences, the minute entry clearly states that these two sets of sentences run from the date of sentencing, or March 1, 1967, and therefore defendant is mistaken as to the starting date of these other counts. We believe the following diagram is helpful.

[EA1892]

. ¨We believe the. trial court was correct in its determination that defendant was not illegally detained.

Judgment affirmed.

´ HOWARD, C. J., and HATHAWAY, J., concur.