495 P.2d 1348

In the Matter of the Application for Writ of Habeas Corpus of Alex Gortarez.

Alex GORTAREZ, Appellant,

v.

STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.

No. 2 CA–CIV 1159.

Court of Appeals of Arizona, Division 2.

April 25, 1972.

Alex Gortarez, Florence, in pro per.

Gary K. Nelson, Atty. Gen., by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

PER CURIAM.

Appellant filed a petition for a writ of habeas corpus in the trial court alleging that he was being illegally restrained because of respondent's misinterpretation of his sentence.

On March 1, 1967, while servng an eight to ten year prison term for a conviction of assault with a deadly weapon, the appellant was convicted of three counts of robbery and two counts of kidnapping. He contended in his petition that the kidnapping and robbery counts were to run concurrently and not consecutively. The trial court denied the writ from which denial the appellant has lodged this appeal.

Appellant contends that his petition for a writ of habeas corpus should have been granted since (1) the trial court erred in denying the writ prior to the time the State had responded; (2) he is being denied equal protection of the laws as guaranteed to him by the Fourteenth Amendment of the Constitution of the United States since a prisoner named Bobby Dean White was granted a writ of habeas corpus when he contended that his sentences were to run concurrently and not consecutively and (3) the sentence imposed upon him by the court is ambiguous and should be resolved in his favor by making the sentences for kidnapping and robbery run concurrently with each other.

All of appellant's contentions are without merit. In State v. Gortarez, 103 Ariz. 339, 442 P.2d 83 (1968) the Arizona Supreme Court decided the ambiguity of the sentence adversely to the appellant. We did the same in Gortarez v. State, 12 Ariz. App. 206, 469 P.2d 98 (1970). The issue has already been litigated twice in the appellate courts and we believe that is enough. The trial court was correct in denying the writ of habeas corpus in view of the fact that State v. Gortarez, supra, and Gortarez v. State, supra, had already been decided at

the time the subject petition was filed. It was not necessary for the trial court to wait for any response from the State before denying the petition.

There is no similarity between the sentences imposed upon Bobby Dean White and those imposed upon appellant.

Affirmed.